# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| RICKY ANTHONY WHITT, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:10-CV-318 |
| DR. VINCENT, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A(b).

BACKGROUND

Plaintiff, Ricky Whitt, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. section 1983, alleging that Jail Medical Director Dr. Vincent and Nurse Shirley Burns violated his federally protected rights by not allowing him to keep appointments with his private doctor and that they did not provide him with an extra blanket or mat.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Whitt brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must

2

show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Whitt alleges that fifteen years ago he was in an accident that "tore off [his] left foot completely." (Compl. at 3). At the time he arrived at the St. Joseph County Jail, on May 15, 2010, he was under the care of a bone specialist. He alleges that the Defendants would not let him go to appointments with his private doctor, telling him that he would have to follow up with his doctor when he got out. (Compl. at 6). He also alleges that they would not let him have an extra blanket or mat to prop up his leg while he slept.

When addressing claims brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394 (1989). Whitt asserts that he is at the jail as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Bell*, 441 U.S. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d

1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Eighth Amendment requires the government to provide medical care for persons it has incarcerated. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir.1996), *cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health.

4

The *Farmer* test contains an objective prong (whether there is a serious medical need), and a subjective prong (whether the defendants were deliberately indifferent to that need). The Court accepts for the purpose of this motion that the Plaintiff has a long term serious medical need resulting from the loss of his left foot. But the complaint does not support a claim of deliberate indifference on the part of the Defendants.

"The Eighth Amendment guarantees a prisoner treatment of his serious medical needs, not a doctor of his own choosing." *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985). Accordingly, that the Defendants may have refused to transport Whitt from the jail to see his private doctor states no claim upon which relief can be granted. If Dr. Vincent refused to examine and treat Whitt for his medical problems or to refer him to a specialist on contract to the jail if that were medically necessary, that would constitute deliberate indifference. But Whitt does not allege this. Indeed, he apparently did not even ask Dr. Vincent to examine or treat him because "I just want to go to my appointments. I don't want them to operate on me while I'm in here. I would for sure die." (Compl. at 6). If Whitt did not ask for Dr. Vincent to examine or treat him, then Dr. Vincent was not indifferent to his medical needs.

Whitt apparently did ask the jail medical staff to provide him with a something to prop his leg up while he slept. He alleges that he wrote to Nurse Burns "about another blanket or matt to prop up

5

my left leg upon while I sleep." (Compl. at 5). Nurse Burns responded that she did not have the authority to grant his request, and that he should ask the doctor. He stated that he asked Dr. Christopher Hall, a nondefendant, to prescribe an extra blanket or mat, but that he did not do so. (Compl. at 5).

A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez,* 111 F.3d at 1373. Dr. Hall apparently did not construe Whitt's request for an extra blanket or mat as a serious medical need, and Nurse Burns was therefore not deliberately indifferent to a serious medical need by not giving Whitt an extra blanket or mat.

As to Dr. Vincent, section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show his personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under section 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the

6

defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to section 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Whitt does not allege that Dr. Vincent was personally involved in the decision to deny him an extra blanket or mat. Even assuming that Dr. Hall improperly denied Whitt's request for these items and that he was a subordinate of Dr. Vincent does not make Dr. Vincent liable for any deliberate indifference to Whitt's medical needs by Dr. Hall.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A(b).

**DATED: November 1, 2010** /S/RUDY LOZANO, Judge
**United States District Court**